*The Law Office of Mark F. Willimann, LLC*
Mark F. Willimann,
P.O. Box 91010
Tucson, Arizona 85752
Tel: 520-579-6622
Fax: 520-203-0203
AZ Bar #: 017556
Attorney for Steven Katz

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| STEVEN KATZ,<br><br>        Plaintiff,<br><br>vs.<br><br>NCO FINANCIAL SYSTEMS, INC., A CORPORATION OF PENNSYLVANIA, (FORMALLY KNOWN AS: RISK MANAGEMENT ALTERNATIVES, INC.)<br><br>        Defendant. | Temporary Case No. 06-10247<br><br>**COMPLAINT** |

Plaintiff, Steven Katz alleges the following:

**PARTIES, JURISDICTION, AND VENUE**

1) This is an action under Fair Debt Collection Practices Act, 15 U.S.C. §1692.

2) This Court has jurisdiction over the subject matter under 15 U.S.C. § 1692k(d).

3) Venue is proper under A.R.S. §12-401; Mr. Katz is an individual who resides in Tucson, Arizona.

4) Mr. Katz is defined as a "consumer" under 15 U.S.C. § 1962a(3).

5) Defendant, NCO Financial Systems, Inc., is a Pennsylvania corporation headquartered at 507 Prudential Road, Horsham, PA 19044.

1

6)   NCO is defined as a "debt collector" under 15 U.S.C. § 1962a(6).

## FACTS

7)   On August 8, 2005, NCO, operating under the former name of "Risk Management Alternatives" sent Mr. Katz a demand letter for $40.00.[1]

8)   On August 9, 2005, Mr. Katz sent NCO a letter "disputing" the debt, and demanded "validation" of it.[2] NCO received this letter on August 12, 2005.[3]

9)   On October 22, 2005, NCO sent Mr. Katz another demand letter requesting that he pay the disputed debt.[4]

10)  Before sending Mr. Katz the October 22, 2005, demand letter, NCO never validated the debt, nor did it mail him a copy of this validation.

## CAUSE OF ACTION

11)  In response to NCO's August 8, 2005, letter, Mr. Katz complied with 15 U.S.C. § 1692g's 30 day obligation to dispute a debt, when, on August 9, 2005, he sent a letter to NCO disputing the debt.[5]

12)  15 U.S.C. § 1692g(b) requires that a debt collector "cease collection of the debt, or any disputed portion thereof, ***until the debt collector obtains verification of the debt or a copy of a judgment…and…[it] is mailed to the consumer.***"

---

[1] See Attachment A.
[2] See Attachment B.
[3] See Attachment C.
[4] See Attachment D.

2

13) NCO violated 15 U.S.C. § 1962g(b) when it sent Mr. Katz a letter on October 22, 2006, demanding that he pay the disputed debt without first "obtaining verification" of this debt from the original creditor, and "mailing [it] to" him before reattempting to collect on this disputed debt.[6]

## PRAYER

14) Under 15 U.S.C. § 1692k(a), Mr. Katz prays for the following relief:

(a) All actual damages sustained;

(b) Any additional damages, not to exceed $1000;

(c) Statutory damages;

(d) All costs associated with this action, including, but not limited to:

    1. Court costs;

    2. Attorney fees; and,

    3. All other incidental costs.

(e) Award such other relief, as the Court may deem just and appropriate.

Respectfully submitted this 22nd day of October 2006.

                                       *s/ Mark F. Willimann*
                                       Mark F. Willimann
                                       Representing Mr. Steven Katz

---

[5] See Attachment B
[6] See Attachment D.

3